# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FREDERICK MENEFIELD,<br><br>               Plaintiff,<br><br>   v.<br><br>MATTHEW CATE, et al.,<br><br>               Defendants.<br>_____/ | CASE NO. 1:09-cv-1484 OWW DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE ANY FEDERAL CLAIMS<br><br>(Doc. 31)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Complaint**

**I.      Screening Requirement**

Plaintiff James Menefield, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 24, 2009. On October 8, 2009, Plaintiff filed a First Amended Complaint.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusion are not. Iqbal, 129 S.Ct. at 1949.

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal at 1949-50; Moss at 969.

## II. Plaintiff's Claims

Plaintiff, who is incarcerated at California State Prison - Corcoran ("CSP-Corcoran") brings this action against the Secretary of the Department of Corrections and Rehabilitation ("CDCR") Matthew Cate, Deputy Director W. A. Duncan, Associate Warden Ron Davis, Correctional Captain K. Daveiga, Correctional Counselor G. Rangel, Correctional Counselor T. Scott, and Classification Staff Representatives R. Hernandez and V. Garcia.

The events giving rise to this action commenced at Kern Valley State Prison ("KVSP"), where Plaintiff was formerly housed. On August 9, 2008, Plaintiff was placed in Administrative Segregation for threatening a peace officer. On September 16, 2008, Plaintiff was found guilty of a rules violation at the prison disciplinary hearing, and referred to the KVSP Institution Classification Committee ("ICC") for placement in the Security Housing Unit ("SHU").

On October 23, 2008, Plaintiff appeared before the ICC and was assessed a nine-month SHU term. The decision was then referred to a Classification Staff Representative ("CSR") for approval of the SHU term and transfer to a designated SHU facility.

2

On November 26, 2008, Defendant Garcia approved the assessment and gave Plaintiff a minimum eligible release date ("MERD") of March 2, 2009. Defendant Garcia further instructed that at Plaintiff's upcoming pre-MERD review, Plaintiff's case be assessed for a possible indeterminate SHU term.

Plaintiff was transferred to the CSP-Corcoran SHU on December 16, 2008. On January 21, 2009, Plaintiff appeared before the CSP-Corcoran ICC for his pre-MERD review. Committee members included Defendants Davis, Daveiga, Rangel and Scott, who recommended that Plaintiff be retained in the SHU on indeterminate status upon the expiration of his MERD. The decision was based on Plaintiff's disciplinary history, which Defendants alleged demonstrated that Plaintiff would pose a threat to himself and others, as well as to the security of the institution. On February 9, 2009, Defendant Hernandez approved the recommendation to retain Plaintiff in the SHU on indeterminate status upon the expiration of his MERD, with a review within 180 days for consideration of release.

On September 2, 2009, Plaintiff appeared again before the CSP-Corcoran ICC. The Committee members, who are not named as defendants in this action, elected to release Plaintiff from the SHU. This decision was subsequently approved by a CSR.

**A.  Due Process Clause**

Plaintiff alleges that Defendants Davis, Daveiga, Garcia, Hernandez, Rangel, Scott and Duncan acted in violation of the Due Process Clause. Plaintiff contends that their decision to retain him in SHU on indeterminate status was arbitrary, unreasonable, and not supported by evidence. Plaintiff further contends that the policy governing the assignment of indeterminate SHU terms is illegal and unenforceable.

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Id. Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation.

Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).

In light of the Supreme Court's decision in Wilkinson, 545 U.S. at 223-24, the court presumes at the pleadings stage the existence of a liberty interest in avoiding long term confinement in the SHU. However, Plaintiff has not alleged facts showing that he was deprived of due process. Plaintiff was given advance notice of his pre-MERD hearing and that a possible indeterminate SHU term would be considered. Plaintiff does not allege that he was denied witnesses or legal assistance, or that he was not provided an opportunity to be heard. Plaintiff argues instead that the decision was arbitrary, despite Plaintiff also asserting that the defendants based their decision on Plaintiff's disciplinary history.

"Some evidence" must support the decision of the hearing officer. Superintendent v. Hill, 472 U.S. 445, 455 (1985). The standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached . . . ." Id. at 455-56 (emphasis added). So long as Defendants based their decision on their belief that Plaintiff posed a threat given his disciplinary history, their decision passes constitutional scrutiny and Plaintiff

fails to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949.[1]

### B. California Government Code

Plaintiff alleges that Defendants Cate and Duncan are liable for failing to perform their mandatory duties pursuant to the California Government Code and the California Penal Code, which resulted in the deprivation of Plaintiff's constitutional rights. Plaintiff alleges a right of action under Cal Gov't Code §815.6.

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

In the instant case, Plaintiff has not stated a viable federal claim and the only claim remaining is a claim for breach of statutory duty. The court recommends that the court decline to exercise supplemental jurisdiction over this claim and that the claim be dismissed from this action, without prejudice.

### III. Conclusion and Recommendations

Based on the facts alleged, the deficiencies with Plaintiff's federal due process claim is not curable through amendment. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff also fails to state a viable claim arising under Article 1 §7 of the California Constitution.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

---

[1] The discussion of plaintiff's federal constitutional claim resolves both the federal and state constitutional claims alleged. Los Angeles County Bar Assoc. v. Eu, 979 F.2d 697, 705 (9th Cir. 1992) (citing Payne v. Superior Court, 132 Cal.Rptr. 405, 410 n. 3 (1976) (the California Constitution provides the same basic guarantee as the Fourteenth Amendment of the United States Constitution)).

1. This action be dismissed, with prejudice, for Plaintiff's failure to state any federal claims;
2. Plaintiff's claim for breach of statutory duty be dismissed, without prejudice; and
3. This dismissal count as a strike pursuant to 28 U.S.C.§1915(g).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   December 1, 2009**              /s/ Dennis L. Beck
                                           UNITED STATES MAGISTRATE JUDGE